IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT K. WOODS,** | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Civil Action No.: 1:21-cv-00519-SAG |
| | * |
| **ALEJANDRO MAYORKAS, Secretary** | * |
| **United States Department of Homeland** | * |
| **Security, In His Official Capacity** | * |
| | * |
| Respondent. | * |

## MEMORANDUM OPINION

Robert K. Woods ("Woods") has petitioned this Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and to provide relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 702, and 706 and 42 U.S.C. §§ 1981, 1983.  ECF 10 ¶¶ 60-91.  Woods's claims center on a pending court-martial proceeding against him—he primarily asserts that the military lacks jurisdiction to court-martial him as a result of his alleged effective discharge from the Coast Guard by operation of law.  United States Secretary of Homeland Security, Alejandro Mayorkas ("Respondent"), moved to dismiss the petition.  ECF 11.  Plaintiff opposed the motion, ECF 14, and the Government replied, ECF 15.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons set forth below, Respondent's Motion to Dismiss will be granted.

I.   **FACTUAL BACKGROUND**

The key facts of this dispute are largely uncontested.  Woods is an officer in the United States Coast Guard, ECF 10 ¶ 1, though the crux of this dispute is whether he actually remains in that position or whether he is presently a civilian.  On August 30, 2019, the Coast Guard initiated proceedings to administratively separate Woods from the Coast Guard for his alleged use of

1

controlled substances.  The Coast Guard based its separation action on admissions Woods had made in the course of a security clearance investigation and an investigation conducted by Coast Guard Investigative Services ("CGIS").  *Id.* ¶ 8.  Woods waived his right to contest his separation—in exchange, the Coast Guard agreed to characterize his discharge as general under honorable conditions.  *Id.* ¶¶ 10-11.  Woods requested that his discharge take effect on October 25, 2019, and the Coast Guard authorized this separation with the explicit caveat that it reserved the right to reopen its investigation if it received "additional adverse information."  ECF 10-1 at 25-29.  Prior to October 25, 2019, CGIS learned of information implicating Woods as the supplier of cocaine to Air Force servicemembers.  *See id.* at 49, 67.  As a result, Coast Guard officials issued a memorandum on October 18, 2019, informing Woods that his separation's effective date was to be held in abeyance due to this new adverse information.  *Id.* at 82.

On August 17, 2020, the Coast Guard charged Woods with violating the Uniform Code of Military Justice for conduct unbecoming an officer, drug use, and drug distribution.  ECF 10-1 at 90.  Court-martial proceedings ensued, and the parties are presently engaged in discovery and discovery-related motions practice.  Woods has moved to abate the court-martial proceedings on several occasions, with one such motion currently pending before the military judge.  ECF 11-3, ECF 11-7.  Woods also filed a motion to dismiss with prejudice the charges against him, which is presently pending in that forum.  ECF 11-5.  Finally, Woods filed the instant petition in this Court.

## II.     LEGAL STANDARD

Respondent has filed a motion to dismiss the petition in this Court under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF 11-1.

A motion to dismiss based upon lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the authority to hear and

decide the case.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  A plaintiff bears the burden of proving that subject matter jurisdiction exists.  *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

Under Rule 12(b)(6), a defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss.  *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'"); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a

complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*, 637 F.3d 435 at 440 (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

As a general matter, a Court may properly consider documents attached to a Rule 12(b)(6) motion where the documents are integral to the complaint and their authenticity is not disputed. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Documents attached to the complaint are considered "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). It is also appropriate to consider evidence created by the administrative process. *See Downey v. U.S. Dep't of the Army*,

110 F. Supp. 3d 676, 691 (E.D. Va. 2015), *aff'd sub nom. Downey v. United States Dep't of the Army*, 685 F. App'x 184 (4th Cir. 2017).  Here, Woods has attached a number of documents to his Amended Petition, which will be considered.  Additionally, Respondent has attached a handful of the parties' filings from the related pending court-martial proceedings which, as evidence created by that process, will appropriately be considered as well.[1]

### III.   ANALYSIS

Respondent makes a multifaceted argument as to why the Court lacks jurisdiction over Woods at this juncture, particularly 1) his failure to exhaust his military court remedies, 2) the fact that he has not yet been discharged from his military service, and 3) the lack of any final agency action taken by the Coast Guard as to Woods.  *See* ECF 11-1.  In response, Woods focuses near-exclusively on the jurisdictional element—he argues that the procedures the Coast Guard followed when purporting to terminate his discharge from the military were improper, such that it failed to prevent the separation from taking effect.  *See* ECF 14-1.  Per this rationale, Woods claims he is now a civilian beyond the jurisdiction of the Coast Guard.  *Id.*

Woods's reasoning is unpersuasive.  As an initial matter, the Supreme Court in *Schlesinger v. Councilman* suggested that federal district courts "must refrain from intervention" in pending court-martial proceedings where, as here, the serviceman charged "can show no harm other than that attendant to resolution of his case in the military court system . . . ."  420 U.S. 738, 741 (1975).  This principle, requiring exhaustion of all available remedies within the military justice system before a federal court's collateral review of a court-martial, is commonly termed "*Councilman*

---

[1] It is particularly appropriate to consider the court-martial documentation submitted by Respondent here because 1) there is no dispute as to their authenticity, and 2) there are no concerns regarding notice to Woods regarding the contents of these records given that he is a full participant in the court-martial proceedings.

abstention." While *Councilman*'s holding used mandatory language, courts have in practice intervened on occasion in certain court-martial proceedings and there appears some uncertainty as to what extent *Councilman* abstention is in fact mandatory. *See, e.g.*, *Hennis v. Hemlick*, 666 F.3d 270, 274-76 (4th Cir. 2012) (examining the precedent cutting in both ways as to whether *Councilman* abstention is mandatory and declining to decide one way or the other). Regardless, an assessment of the three core principles underlying *Councilman*—comity, respect for the expertise of military judges, and judicial economy—reaches the same ultimate conclusion: *Councilman* abstention is warranted here.

Comity, for one, counsels in favor of *Councilman* abstention. Comity is a doctrine holding that "one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)). There are two core comity concerns identified in *Councilman*: 1) the military's uniquely high standards for duty and discipline and its strong interest in preserving these standards, and 2) Congress's intentional creation of a separate military justice system, complete with its own procedural protections and opportunity for appellate review designed to vindicate servicemen's constitutional rights while also balancing military preparedness. *See Hamdan v. Rumsfeld*, 548 U.S. 557, 586 (2006). Both considerations are implicated here. Woods's alleged illicit drug use and distribution to other servicemembers would, clearly, undermine the Coast Guard's order and discipline. Moreover, the military judicial system is "just as obligated to protect [Woods's] constitutional rights as state and federal courts." *Hennis*, 666 F.3d at 278 (quoting *Lawrence v. McCarthy*, 344 F.3d 467, 473 (5th Cir. 2003)). Woods will have the full and fair opportunity to raise his jurisdictional concerns, and any other issues, in the

6

pending military proceedings, and he will be able to seek appellate review of any determinations made in his case. Indeed, he has a motion pending before the military judge to dismiss the charges against him with prejudice and he is currently scheduled for trial September 10, 2021. Thus, given the military's uniquely strong interest in enforcing its standards for duty and discipline in a matter alleging drug use and distribution, as well as the fact that Woods is presently subject to a full and fair judicial proceeding in the military courts Congress separately designed for precisely this sort of circumstance, comity concerns weigh in favor of *Councilman* abstention.

The expertise of military judges is, similarly, implicated in this case. Woods's jurisdictional concerns, in particular, rely heavily on close interpretation of Coast Guard procedures and regulations, *see* ECF 14-1 at 4-8, and those are matters "with which [this Court] is comparatively less well-versed. In such matters it is proper to defer to the military courts," *Lawrence v. McCarthy*, 344 F.3d 467, 473 (5th Cir. 2003). Judicial economy is also improved by the military courts' handling of this case for closely related reasons, as the military justice system is better equipped to efficiently get to the bottom of issues so fundamentally intertwined with Coast Guard regulations and procedures with which military courts are significantly more familiar than the federal district court. Moreover, the military judge in this case has already made certain findings of fact and legal decisions, *e.g.*, ECF 11-4 (findings of fact regarding the series of events pertaining to Woods's resignation and the subsequent administrative hold on that resignation), meaning that that judge is already familiar with this case and its evidence and is therefore better positioned to dispose of it fairly and efficiently. With all this in mind, the military expertise factor, as well as the judicial economy factor, also weigh in favor of *Councilman* abstention. Since all three factors favor abstention, there is "nothing that outweighs the strong considerations favoring

exhaustion of remedies or that warrants intruding on the integrity of the military court processes." *Hennis*, 666 F.3d at 274.

In his Opposition, Woods does not make any argument as to the substance of how the Court should balance the foregoing *Councilman* considerations, nor does he claim to have exhausted all of his remedies in military court. Instead, he alleges that *Councilman*—and the attendant concerns regarding comity and the like—is simply inapplicable here since he is, allegedly, a civilian. *See* ECF 14-1. While *Councilman* limited the scope of its reach to acts "within the scope of [the court-martial's] jurisdiction and duty," *id.* at 746, Fourth Circuit precedent has explained that a mere question as to the court-martial's jurisdiction does not take a matter beyond the military court's authority, *see Hennis*, 666 F.3d at 274. Put differently, it is undisputed that military court jurisdiction does not reach civilian ex-soldiers, but the determination of whether that jurisdiction reaches a particular individual in question is within a military court's purview—the military justice system may "initially consider and resolve . . . jurisdictional challenge[s] grounded in military procedures and military precedents." *Id.* As previously noted, resolution of the question of whether Woods was effectively discharged and thus is indeed a civilian outside the jurisdiction of the military court is entirely bound up in Coast Guard procedures, regulations, and precedent. *See* ECF 14-1 at 4-8 (outlining Woods's arguments as to discharge, in particular focusing on the Coast Guard's procedures and its alleged failure to follow them). As such, per *Councilman* and its Fourth Circuit application in *Hennis*, this Court may not decide the jurisdictional question because it is properly left to the military courts to decide.

Because this Court concludes that *Councilman* abstention applies, it will not reach the merits of the dispute over jurisdiction, nor will it venture into the other facets of Woods's Complaint.[2]

## IV. CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss, ECF 6, is GRANTED and Woods's petition is dismissed without prejudice. A separate Order follows.

Dated: August 19, 2021                             /s/

Stephanie A. Gallagher
United States District Judge

---

[2] Woods's claim of prosecutorial misconduct, for one, is already pending before the military judge, such that *Councilman*'s comity and judicial economy concerns apply with particular force. His Administrative Procedure Act ("APA") claim, meanwhile, does not provide a shelter from abstention either. As an initial matter, the APA is not an independent basis for jurisdiction, *see Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 301 (4th Cir. 2000), such that it alone cannot sustain Woods's action here in the absence of his other federal question claims from which the Court abstains. Regardless, since he has not exhausted his military remedies, he may not maintain an action under the APA. *See Murphy v. Garrett*, 729 F. Supp. 461, 467 n.9 (W.D. Pa. 1990) (determining that the district court could not exercise jurisdiction under the APA over petitioner's challenge to call to active duty to face court-martial because petitioner had failed to exhaust military court remedies).